Matter of Clark v New York State Bd. of Parole (2018 NY Slip Op 08071)





Matter of Clark v New York State Bd. of Parole


2018 NY Slip Op 08071


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, JJ.


7697 160965/17

[*1]In re Judith Clark, Petitioner-Respondent,
v
New York State Board of Parole, Respondent-Appellant.


Barbara D. Underwood, Attorney General, New York (Steven C. Wu of counsel), for appellant.
Proskauer Rose LLP, New York (Michael A. Cardozo of counsel), for respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered April 27, 2018, which, in this proceeding brought pursuant to CPLR article 78, granted the petition to annul the determination of the Commissioners of the New York State Department of Parole (Board), dated November 29, 2017, affirming the determination of a panel of the Board, dated April 20, 2017, denying petitioner parole, and remanded the matter for a new interview before a new panel of the Board within 60 days of the date of the court's decision, unanimously modified, on the law, to reinstate the panel's denial of parole and to remand the matter to the Commissioners of the Board for a new administrative appeal of that action, and otherwise affirmed, without costs.
Supreme Court correctly determined that the administrative appeal of the Board's denial of parole was marred by a procedural error. Specifically, while, in the initial consideration of petitioner's request for parole, the Board permissibly considered letters in opposition to the parole application submitted by public officials and members of the community, the Board admitted that its refusal to provide petitioner with access to any of the those letters in connection with her administrative appeal was improper. The correct remedy for this procedural error in the conduct of the administrative appeal, however, is the annulment of the result of that appeal and remand for new administrative appellate proceedings, in which the Board should turn over the requested material, with any necessary redactions (see Executive Law § 259-i[2][c][B]; 9 NYCRR 8000.5[c]) to petitioner, not annulment of the initial denial of parole by the panel, which must still undergo proper administrative review. Accordingly, we modify the order appealed from as indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK